IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHAUNCEY DOTY**,

    Plaintiff,

    v.

**CAROLYN W. COLVIN**,
Acting Commissioner of the Social Security Administration,

    Defendant.
_____

**Civ. No. 2:12-cv-01727-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff filed this unopposed petition for attorney fees, ECF No. 25, in the amount of $7,049.47 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Defendant does not oppose this petition. For the reasons set forth below, plaintiff's petition, ECF No. 25, is GRANTED.

Under the EAJA, this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If attorney fees are appropriate, this Court must then determine whether the amount of fees requested is reasonable. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Because the Government stipulates that plaintiff is entitled to attorney fees, this Court's inquiry is limited to the reasonableness of plaintiff's petition. Under the EAJA, an award of attorney fees is limited to $125.00 per hour "unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified attorney for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses." (citations omitted)). The cost-of-living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed. *Id*. at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

Pursuant to these cost-of-living calculations,[1] plaintiff is awarded fees at the hourly rates of $184.32 for 4.2 hours of work performed by counsel in 2012, $187.02 for 32.05 hours of work performed by counsel in 2013, and $189.70 for 1.35 hours of work performed by counsel in 2014, for a total fee award of $7,024.23. Plaintiff is also awarded $25.24 in mailing costs. Combined, these awards amount to $7,049.47.

## **CONCLUSION**

For these reasons, plaintiff's petition, ECF No. 25, is GRANTED. Plaintiff is awarded fees and costs in the amount of $7,049.47.[2]

---

[1] Plaintiff's hourly rates are consistent with the "statutory maximum rates" under the EAJA. *See* UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 10, 2014).

[2] The amount of this award shall be paid to plaintiff's attorney upon verification that plaintiff validly assigned these EAJA fees to his attorney and that plaintiff has no debt, which qualifies for offset against the award, pursuant to the Treasury Offset Program. If plaintiff has no such debt and there is a valid assignment, then a check shall be made out to plaintiff's attorney, and mailed to plaintiff's attorney. If plaintiff has a debt, and/or if there is no valid

2 – OPINION AND ORDER

IT IS SO ORDERED.

DATED this 14th day of July, 2014.

        _____s/ Michael J. McShane_____
        **Michael J. McShane**
        **United States District Judge**

---

assignment, then a check for the remaining funds, after any offset of the debt, shall be made to plaintiff and mailed to plaintiff's attorney. Plaintiff's attorney's mailing address is as follows:

**Rory J. Linerud**
**P.O. Box 1105**
**Salem, OR 97308-1105**

3 – OPINION AND ORDER